

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 19, 1939

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-532

Re: May the form of birth certificate
of the Texas Department of Health
for an adopted child reveal two
mothers if the report of adoption
forwarded from a district court
names two women as having adopted
said minor child?

We are in receipt of your letter of March 21, which reads as follows:

"We have the report of an adoption in the 71st District Court of Harrison County naming Mrs. Mamie M. Moore, a feme sole, and Miss Lillie Merzbacher as having adopted Margaret Elizabeth McClure and other children.

"Under the adoption law of May 8, 1935, as affecting the State Bureau, the State Registrar is required to remove the certificate of natural birth and place in its stead a birth certificate for the child showing the parents by adoption.

"Your department has ruled that the words 'by adoption' should not be shown on the certificate, but that the names of the adopting parents should be shown as the natural parents of the child. The adopted form of birth certificate for Texas provides for but one mother, but in following the law it appears that in this case the names of two mothers must appear on the certificate. A copy of the adopted form of birth certificate is enclosed. Please advise as to how the birth certificate of this child showing two mothers should be written."

We wish to call your attention to Article 46a, Section I, of Vernon's Annotated Civil Statutes which we quote in full:

00433

"Any adult resident of this state may petition the district court in the district of his residence or in the district of the residence of the child to be adopted for leave to adopt a minor child; such petition shall set forth the fact relevant to petitioner and child, and be verified by the affidavit of the petitioner. But no such petition made by married persons shall be granted unless the husband and wife shall join therein, excepting when such petitioner shall be married to the natural father or mother; then such joiner by such father or mother shall be unnecessary."

Said section provides for the adoption of a minor child by "any adult resident of this state." It refers to the adopted party as "petitioner" and stipulates that if the petition for adoption is made by "a married person" the latter's husband or wife must join therein. It does not provide for a joint adoption of a minor child other than that by a husband and wife.

The language of the statute is clear and explicit to the effect that adoption of a minor child in Texas must be made by a single person or a married person joined by husband or wife in the proceedings. It does not provide for the adoption of a minor child by two or more single persons jointly or by a single person and a married person jointly. We are of the opinion that the law by implication forbids all "joint" adoption proceedings other than those by a husband and wife. Consequently, we question the validity of adoption proceedings such as indicated by the first paragraph of your letter which referred to "Mrs. Mamie M. Moore, a feme sole, and Miss Lillie Merzbacher as having adopted Margaret Elizabeth McClure and other children."

Furthermore, the surest guide to a correct construction of a statute is secured by ascertaining the purpose its makers intended it should accomplish. The object of the Texas Legislature in enacting the state's adoption statute was to secure for the adopted child a legal status which would most closely approximate that provided by natural parents and the home of natural parents. The public interest and the welfare of the child are dependent upon an interpretation of the adoption statute which will not do violence to natural laws. To allow an adoption by two mothers or two fathers jointly would create a complicated and irregular domestic position for a minor in contravention of the policy of the statute and the purpose of the Legislature.

The case of Krug v. Davis, 87 Indiana 590, is authority for the construction we place on the adoption statute of Texas. The statute under consideration there, Revised Civil Statutes, 1881, Sections 823 through 828, provided that any person desirous of adopting any child may file his petition

therefor in the circuit or other proper court in the county in which said child resides, etc.. It was contended that under the statute, no two persons, not even husband and wife, could unite in proceedings to adopt a child. The court rejected this contention, holding that a husband and wife could effect a joint adoption, but said by way of dictum:

> "It would be inconsistent with the general scope and purpose of this statute to permit two or more persons representing different families to jointly or concurrently adopt the same child, but that objection, in our estimation, does not apply to joint proceedings by husband and wife for the adoption of a child."

On petition for rehearing in the above case, the former opinion was sustained:

> "Counsel misapprehend the effect of our opinion if they really suppose it to declare that any two persons other than a husband and wife may adopt the same child. No such meaning can possibly be given the opinion. The peculiar relation of husband and wife, and the place in their family and affections which the law intends the adopted child to take, we considered as matters exerting a controlling influence upon the construction to be given the statute and as making it proper to adjudge that husband and wife might unite in adopting a child and thus make it a child of both. We neither held or meant to hold that persons other than husband and wife might join, nor is there anything in what we said leading to such a conclusion."

We hold that under Article 46a, Section 1, of Vernon's Annotated Civil Statutes, above quoted, a joint adoption of a minor child by two women, both femes sole, is illegal, and that the birth certificate of the Texas Department of Health for an adopted child may not reveal two mothers, even though the report of adoption from a district court names two single women as having adopted a minor child. Adoption proceedings naming two women as having adopted one minor child are invalid and must be referred to the district court of origin for correction.

Since the report of adoption according to your letter, refers to "Margaret Elizabeth McClure and other children" as having been adopted by Mrs. Mamie M. Moore, a feme sole, and Miss Lillie Merzbacher, there is a possibility that each of the two women adopted different children. This should be investigated. (Underscoring ours)

00435

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　　　　　/s/　Dick Stout
　　　　　　　Dick Stout
　　　　　　　Assistant

DS:omb:da
APPROVED:

/s/　Gerald C. Mann

ATTORNEY GENERAL OF TEXAS